Yoichi TAKEUCHI, Prado Bijyutsu Co. Ltd., Gyoseimondai Kenkyujyo Co. Ltd., Gyoken Co. Ltd., Tyosei Tochi Co. Ltd. and Seiyo Bijyutsu Co. Ltd., Plaintiffs–Appellants,

v.

Ely SAKHAI, Defendant–Appellee,

Michael Altamura, Mr. Vincent, Aaron Seligson, Seligson and Rothman & Rothman, Defendants.

No. 06–0818–cv.

United States Court of Appeals, Second Circuit.

July 12, 2007.

■■■■■■■■■

James Moss, Herrick, Feinstein LLP (Adam H. Offenhartz, Gibson, Dunn & Crutcher LLP, on the brief), New York, NY, for Plaintiff–Appellant.

Malcolm S. Taub, Malcolm S. Taub LLP, New York, NY, for Defendant–Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants Yoichi Takeuchi and several corporations of which he is the principal appeal from an order of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge* ), granting summary judgment in favor of defendant-appellee Ely Sakhai and dismissing plaintiffs' complaint. *See Takeuchi v. Sakhai,* No. 05 Civ. 6925, 2006 WL 119749 (S.D.N.Y. Jan. 17, 2006). We assume the parties' familiarity with the facts and the record of prior proceedings.

Plaintiffs contend that the District Court erred in its conclusion that their complaint, brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.,* was barred by RICO's four-year statute of limitations because plaintiffs were on notice of their potential injuries in 1997 and did not file this action until April 2005.

We affirm for substantially the same reasons stated by the District Court. Plaintiffs' only substantive argument on appeal is that, while they were on notice of Sakhai's possible misrepresentations in 1997, they were not on notice that they had actually been injured by those misrepresentations.[1] Plaintiffs' "actual injury" argument is unavailing. The District Court correctly concluded that no reasonable juror could find that plaintiffs did not have knowledge of the fraud in 1997, and thus, plaintiffs were on inquiry notice at that time as to any possible injury resulting from that fraud. *See In re Merrill Lynch Ltd. P'ships Litig.,* 154 F.3d 56, 60 (2d Cir.1998) (per curiam); *Prudential Ins. Co. of America v. United States Gypsum Co.,* 359 F.3d 226, 236 (3rd Cir.2004) (rejecting the argument that the statute of limitations for civil RICO claims is triggered only when the injury becomes "actual").

Accordingly, the District Court properly found that Takeuchi's RICO claim was barred by the four-year statute of limitations.

The judgment of the District Court is AFFIRMED.

---

1. Plaintiffs also appear to imply that the District Court erred in failing to consider the issue of notice with respect to the paintings purchased prior to 1997. The "separate accrual rule" holds that each time a plaintiff discovers or should have discovered an injury caused by a civil RICO violation, a new cause of action arises as to that injury. *See Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1105 (2d Cir.1988). However, this rule applies only to injuries discovered *after* the initial fraudulent act which forms the basis of the RICO claim. *See id.* Since we find that plaintiffs were on inquiry notice that the Rembrandt was a forgery in 1997, it follows that they were also on notice with respect to the paintings purchased before 1997.